```
MINUTE ENTRY          9:05 a.m.

 UNITED STATES OF AMERICA -v- ZHU, LIAN KUN


PRESENT: HON. ALEX R. MUNSON, Chief Judge Presiding
   SANAE SHMULL,   Court Reporter
   K. LYNN LEMIEUX, Courtroom Deputy
   PATRICK SMITH, Assistant U. S. Attorney
   F. MATTHEW SMITH,  Counsel for Defendant
   ZHU, LIAN KUN, Defendant
```

PROCEEDING: SENTENCING

 Defendant was present with his court appointed counsel, Attorney F. Matthew Smith. Government by Patrick Smith, AUSA.   Also present was U.S. Probation Officer, Margarita Wonenberg and DEA Agent Ray Renguul.

 Jean Shi was present and sworn as Interpreter/Translator of the Mandarin language.

 Defense moved to oppose the testimony of a witness that the Government had brought in to testify at this hearing due to the fact that the Defense had not been notified.
   Government argued.  Court overruled the opposition and allowed the testimony of the witness to be heard.

 No objection by the government of the presentence report.  Counsel for defendant had  objections and those were noted for the record.

 Court adopted the presentence investigation report and instructed the Clerk to file the report, under seal, and that the report be made available if the judgment is appealed.  The probation officer's recommendation shall also be placed under seal. No objection by the parties.

 Government called witness:

 Defense opposed the fact that the convicted felon, Wang Yang, who was brought in as a witness was not dressed in an orange jumpsuit and wearing shackles and handcuffs as was his client.  Court noted the objection of Defense.

 WANG YANG.  Yu Mei Xie was sworn as interpreter/translator of the Mandarin language.
   DX.

 Court, after hearing argument, ruled that the testimony of this witness would not be considered in the calculations and determination of the sentence.

 Defense requested a five minute recess.  Court recessed at 9:50 a.m. and reconvened at 10:00 a.m.

 Government recommended that the sentencing should be at the upper level of the guideline range.  Defense recommended that the defendant be sentenced on the low-end of the guideline range.

Defendant gave his allocution to the Court.

SENTENCE:  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant ZHU, LIAN KUN is hereby  sentenced to 78 months as to Count One;  78 months as to Count Two; and 78 months as to Count Three.  All sentences to be served concurrently.  The defendant shall be credited for time already served.  Upon the completion of sentence, the defendant is ordered to serve a term of supervised release as follows: As to Count One, three years; as to Count Two; three years; as to Count Three; four years. The terms of supervised release shall be served concurrently and will commence immediately and will require that the defendant comply with the following conditions:

1.  The defendant shall be delivered to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. Â§ 3583 (d), and with the establish procedures provided by the Immigration and Naturalization Act under 8 U.S.C. Â§1101, and in accordance with Title 3, Commonwealth Code, Section 4340.  As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States and all its territories and possessions and shall not re-enter without the permission of the U.S. Attorney General.  If deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release.

2.  That the defendant shall not commit another federal, state or local offense;

3.  That the defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.  He shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug test thereafter for use of a controlled substance;

4.  That the defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

5.   That the defendant shall comply with the standard conditions of supervised release as set forth by the U. S. Sentencing Commission and codified under Title 18 U.S.C. Â§3563;

6.  That the defendant shall be prohibited from possessing a firearm or other dangerous weapon or to have such weapons where he resides;

7.  That the defendant shall participate in a program approved by the U. S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.  The defendant shall also make co-payment for the program at a rate to be determined by the U.S. Probation Office;

8.  The defendant shall refrain from the use of all alcoholic beverages and be subject to testing to determine whether he is using alcohol; and

9.  The defendant shall pay for the costs of electronic monitoring services that were provided to him from January 23, 2004 to December 8, 2004.  He shall remit to Securicor EMS, Inc. a total of $484.22. Payments shall be sent to:

Securicor EMS, Inc.  P.O. Box 80927, Rancho Santa Margarita, CA 92688-0927

Pursuant to U. S. S.G. Â§5E1.2(f) all fines were waived since it has been

determined that the defendant does not have the ability to pay.

 It was further ordered that the defendant pay to the United States a special assessment fee of $300 to be paid immediately after sentencing.

 No objection to the sentence by the attorneys.  Defendant was advised that he had ten days in which to appeal his sentence. Further, the defendant was advised of his right to an attorney for appeal.

 Defendant was remanded back into the custody of the U.S. Marshal.

 Defense moved that the bail of $10,000 that was posted by the family members be exonerated.  Government opposed.  Court denied the exoneration at this time without prejudice.

        Adj. 10:25 a.m.


;    [KLL EOD 03/15/2005]