

**FILED**

**NOT FOR PUBLICATION**

**JUL 20 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10208 |
| Plaintiff - Appellee, | D.C. No. CR-03-00018-ARM |
| v. | |
| LIAN KUN ZHU, | MEMORANDUM[*] |
| Defendant - Appellant. | |

F I L E D
Clerk
District Court

DEC - 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief Judge, Presiding

Argued & Submitted June 14, 2006[**]
Honolulu, Hawaii

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

Defendant-Appellant Lian Kun Zhu appeals his jury conviction for selling

methamphetamine hydrochloride, commonly referred to as "ice." The issue Zhu

presents is whether, pursuant to Federal Rule of Evidence 404(b), the district court

---

[*]    This disposition is not appropriate for publication and may not be cited
to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**]    This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

abused its discretion when it refused to allow Zhu to present extrinsic evidence that government witness Jiang Li Xia ("Jiang") had access to ice in 2004. Zhu claims that the excluded evidence shows that Jiang had the "opportunity and capacity" to frame Zhu, and that the relevant evidence should have been admitted under Rule 404(b). We hold that the district court abused its discretion when it excluded the evidence at issue. We further hold, however, that such error was harmless. Accordingly, we affirm Zhu's conviction.[1]

I.    Exclusion of the Evidence

A.    Rule 404(b) Analysis

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). This court uses a four-part test when considering the application of Rule 404(b):

> evidence of prior criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that [the person against whom the evidence is offered] committed the other act; and (4)

---

[1] The facts of this case are known to the parties and we do not recite them here.

(in cases where knowledge and intent are at issue) the act is similar to the offense charged.

*United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).[2]

First, the disputed evidence would have "tended to prove [the] material point" that Jiang had access to ice even during her boyfriend Yang Wang's imprisonment. *Mayans*, 17 F.3d at 1181. Second, the one-year time lapse was not a sufficient amount of time to render the excluded evidence inadmissible. Third, in light of the evidence in the record, had the witnesses been allowed to testify, their testimony would have supported a finding that Jiang offered ice to those witnesses.

We conclude that the excluded evidence in this case would have supported Zhu's theory of the case and tended to show that Jiang had access to ice even while her boyfriend was in prison. The district court "should [have] indulge[d] the accused" in this case, and therefore it abused its discretion when it found Zhu's evidence of Jiang's subsequent access to ice inadmissible under Rule 404(b). *United States v. Cruz-Garcia*, 344 F.3d 951, 955 n.3 (9th Cir. 2003).

---

[2] This court has recognized that the fourth prong of the test is optional when the other acts are being used to show opportunity. *See United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir. 1991). This case deals with evidence that would tend to prove that Jiang had an opportunity to frame Zhu. Therefore, this case does not require us to apply the fourth prong of the test.

Even though evidence is admissible under Rule 404(b), it may nevertheless be excluded under Rule 403. *See Cruz-Garcia*, 344 F.3d at 956. Here, the excluded evidence was important to Zhu's case. Accordingly, even though the presentation of the witnesses could have resulted in some delay, the probative value of the evidence outweighs that consideration. In sum, we hold that the district court abused its discretion when it excluded Zhu's extrinsic evidence.

II.   The Error Was Harmless

Despite our above conclusions, we hold that the error was harmless. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc)). Zhu presented evidence establishing every other element of his theory of the case, and the jury still convicted him. The fact that Jiang had access to ice could not have been the lynchpin issue for the jury. Moreover, there was a videotape and some audio tapes of the alleged transactions. We find it "more probable than not that the error did not materially affect the verdict." *Gonzalez-Flores*, 418 F.3d at 1099.

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

NOV 3 0 2006

by _____
Deputy Clerk