FILED
Clerk
District Court

FEB 29 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**TIMOTHY H. BELLAS**
Attorney-at-Law
Bank of Hawaii Bldg., Suite 203
P.O. Box 502845
Saipan, MP 96950
Telephone: (670) 323-2115; Fax 323-2116

**ATTORNEY FOR**: Petitioner Zhu

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ZHU, LIAN KUN, ) | CIVIL CASE NO. 08-__0012__ |
| Petitioner, ) | |
| ) | CRIMINAL CASE NO. 03-00018 |
| v. ) | |
| ) | **PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | **PURSUANT TO 28 U.S.C. § 2255** |

      Comes Now, Petitioner, ZHU, JIAN KUN, (Mr. Zhu) presently incarcerated in the Bureau of Prisons Moshannon Valley facility located in Philipsburg, Pennsylvania, by and through his Court appointed counsel, Timothy H. Bellas, and respectfully moves this

1

Honorable Court under 28 U.S.C. § 2255 for any relief and/or remedy available as a result of the proceedings before this Honorable Court which culminated with his sentencing on March 16th, 2005, and which violated Petitioner's right to due process and/or effective assistance of counsel. This Motion is based upon the allegations contained herein, the Memorandum of Law submitted herewith, as well as all pleadings currently in the Court's file. In support of his allegations, Mr. Zhu, thru counsel, states as follows:

### I. JURISDICTION

1. Petitioner is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States." As such original relief for Petitioner is properly within this Court and jurisdiction is proper pursuant to 28 U.S.C. §2255.

### II. VENUE

2. As this is the sentencing court, the District of the Northern Mariana Islands is also the appropriate venue pursuant to 28 U.S.C. §2255.

### III. MOVANT

3. Petitioner, Mr. Zhu, as previously stated above, is currently incarcerated at the Bureau of Prisons Moshannon Valley facility located in Philipsburg, Pennsylvania, under a Judgment in a Criminal Case ("J&C") entered on March 16th, 2005, from the United States District Court for the Northern Mariana Islands (Hon. Alex R. Munson, U.S.D.C.C.J.,

presiding). Mr. Zhu pled not guilty to the charges against him, which consisted of three Counts of Distribution and Possession with Intent to Distribute a Controlled Substance, but he was found guilty on December 9th, 2004 by a jury of all the charges.

4. Thereafter, this Court sentenced Mr. Zhu to serve a term of imprisonment of 78 Months on Count I; 78 Months on Count II; and 78 Months on Count III; all terms to be served concurrently with credit for time already served.

### IV. ABSENCE OF OTHER FEDERAL FILINGS

5. Following the above described sentencing, Mr. Zhu filed a timely Notice of Appeal to the Ninth Circuit Court of Appeals on March 28, 2005. The appellate court ruled that the evidenciary issue raised in the appeal was well taken but that the error was harmless and on that basis, affirmed the J&C of Mr. Zhu. A motion for rehearing was filed with the Ninth Circuit and that motion was denied on November 30, 2006.

6. The CJA attorney appointed by the Court who represented Mr. Zhu at trial and on appeal was F. Mathew Smith.

7. Mr. Zhu has written several letters addressed to the Court seeking further Court appointed representation but, to the knowledge of the undersigned, there has been no prior 2255 Motion filed with this Court. Nor are there any other applications for relief filed with any other court or with any federal agency for administrative relief.

8. Mr. Zhu has very little or no ability to speak or write in English and must

3

communicate through an interpreter.

9. Normally motions pursuant to 28 U.S.C. §2255 are filed *pro se*, as they are considered civil matters.

10. In this matter, after several letters written to the Court by Mr. Zhu requesting for assistance, the Court has appointed counsel to assist the Petitioner with putting his motion pursuant to 28 U.S.C. §2255 before the Court.

11. The undersigned was appointed by the Court to represent Mr. Zhu in the limited above described capacity on January 18, 2008.

### V. FACTUAL ALLEGATIONS OF PETITIONER AS BASIS FOR RELIEF REQUESTED

The Petitioner alleges that:

12. The crucial witness against Mr. Zhu at trial was Ms. Li Xia Jiang (Ms. Jiang) and her credibility was pivotal to his conviction.

13. Ms. Jiang was alone in the premises where the alleged drug transactions took place and (as was brought out at trial) she had familiarity with the distribution of the type of drugs involved in this case.

14. Ms Jiang while under the control of DEA was not under their direct supervision immediately prior to, at the time and immediately after the alleged drug transactions between her and the Petitioner.

15. Ms Jiang had obvious motive to frame the Petitioner in order to gain favorable

4

consideration for her incarcerated boyfriend, Mr. Wang Yang.

16. In addition to the factual allegations in the previous paragraphs numbered 12-15 above, Mr. Zhu alleges that he observed the prosecutor signaling to Ms. Jiang by the use of hand gestures while she was being cross examined by his counsel, Mr. F. Mathew Smith (Mr. Smith).

17. Mr. Zhu, through the interpreter appointed to translate for him, along with two other persons seated in the gallery, who he claims also observed the alleged signaling by the prosecutor, brought this fact to the attention of Mr. Smith during a recess in the trial.

18. Mr. Smith, however, failed to make a factual record or otherwise bring this matter up with the Court. Instead, Mr. Smith informed Mr. Zhu that Smith would discuss this directly with the prosecutor. (See copy of latest letter from Mr. Zhu dated February 26, 2008 in which these allegations are mentioned and which is attached hereto as Exhibit A and incorporated by this reference.)

19. Mr. Zhu, therefore, believes the failure of Mr. Smith to bring this mater to the attention of the Court constituted ineffective assistance of counsel in violation of his Sixth Amendment right under the U.S. Constitution.

20. That this ineffective assistance of counsel was fundamental to his right to a fair trial and therefore had an adverse impact on his substantial rights and seriously affected the fairness and integrity of his trial.

5

## RELIEF REQUESTED

21. Wherefore, Mr. Zhu requests that this Court grant this motion and either order a new trial based on the instant circumstances, an inquiry into the misconduct alleged or if no meaningful inquiry may be had, his immediate release.

22. Mr. Zhu further requests such other and further relief as may be appropriate.

Respectfully submitted, this 28th day of February, 2008.

_____
Timothy H. Bellas, F-0135 Attorney for Petitioner Zhu

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2008 a copy of the attached *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and the attached Memorandum of Law* was served on the following by hand delivering a copy of same to:

Office of U.S. Attorney
3rd Floor, Horiguchi Bldg.
Garapan
Saipan, MP 96950

6

# EXHIBIT "A"

Translated by Jean Shi

Dear Judge,

**RECEIVED**

**FEB 26 2008**

Clerk
District Court
The Northern Mariana Islands

My name is Zhu, Lian Kun and my case number is CR-03-00018 USA. I am so sorry to bother you again.
With regard to the court appoited the attorney, Mr. Smith, I do not understand many things that make me
 fall in question. I make some explanations to you:

1. At that time I requested to appeal for 28 USC. 2255. motion through the attorney, and the attorney
   submitted my request to the court. My attorney wanted to withdraw after the court approved. That made
   me not understand? I requested to explain to the judge through the attorney because there were many queries
   during the court trial of my case, but the attorney did not report to the judge. For instance, there were two
   gentalmen at the court auditoria saw that the prosecutor, who was sitting on the seat to show the finger signal
   secretly to his witness when my lawyer was questioning the government's witness during the trial. The two
   witnesses explained to me and the interpretor during the court recess. I notified this to the attorney through the
   interpretor, and the two witnesses were willing to testify for me. The question here was that the attorney did
   not report to the judge, but he went to the prosecutor's office instead. It is the judge and the jury to make the
   desicion for the trial, but it is not the prosecutor. So why did the attorney do like that?

2. The court changed my private attorney, and it is questionable for the document that the prosecutor provided.?

3. It is questionable that what the prosecutor provided the video cassette was being cut and editted for 12 minutes.

4. What the government witness testified and the action of the video tape were opposite.

5. The bar could contain 100 people. It was unfair for me that the two prosecutors searched only 5 minutes
because it highly might hide the drugs in the bar.

The above is my simple report. Hope that the court can assign me another attorney!

Thank you.

Zhu, Lian Kun
2/10/08

RECEIVED
FEB 21 2008
Clerk
District Court
The Northern Mariana Islands

尊敬的法官：

我是朱连坤，我的案件号 CR-03-00018. USA v. ZHU, Lian Kun.
很抱歉再次打搅您宝贵的时间。

有关于法庭给我指派的律师 Smith 先生，我对他有很多不明白的和令我质疑的地方我向您解释一下。

一、当出我通过律师向法庭申请我要上诉 28 USC 2255 motion. 而且律师也向法庭递交了申请。但法庭批准了以后我的律师又要退出，令我很不明白。因为在我的案件开庭审理时有很多令人质疑的地方，我通过律师要求向法官说明，但律师都没有向法官汇报。如当时在开庭审理时，律师在询问检方的证人时，观众席有两位先生看见检控官在他的座位上暗中给他的证人做手示。事后在法庭休庭时间这两位目击何我及翻译说明我通过翻译通知了律师，而且这两位目击证人也愿意为我出庭指证。但令人质疑的是律师并没有向法官汇报，而是上楼去了检控官的办公室。因为开庭审理案件是由法官和陪审团做仲裁而不是由检控官，那么律师为什么那么做？

二、法庭换掉我的私人律师，检方出示的材料令人质疑？

三、检方出示的证物录像带被剪辑 12 分钟令人质疑？

四、检方的证人说的证词和录像带上的动作是相反的。

五、能容下 100 人的酒吧，检方用二名人员只收查 5 分钟对我是不公平的因为酒吧里面很可能藏有毒品。

以上是我的简单汇报，希望法庭再次派律师给我！

谢谢。

朱连坤
02-10-08