F I L E D
Clerk
District Court

MAR -3 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| ZHU, Lian Kun, | ) | Civil No. 08-0012 |
| | ) | (Criminal No. 03-00018) |
| Plaintiff | ) | |
| | ) | ORDER ALLOWING |
| v. | ) | PLAINTIFF THIRTY DAYS TO |
| | ) | SUPPLEMENT HIS 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | ) | MOTION TO VACATE, SET |
| | ) | ASIDE, OR CORRECT |
| Defendant | ) | SENTENCE |
| | ) | |

THIS MATTER is before the court on motion of plaintiff Zhu, through counsel, for an order vacating, setting aside, or correcting his sentence due to an alleged violation of the Sixth Amendment to the U.S. Constitution: ineffective assistance of counsel. For the reasons give below, plaintiff is given thirty days from the date of this order to supplement his 28 U.S.C. § 2255 motion.

AO 72
(Rev. 08/82)

On December 9, 2004, Zhu was found guilty by a jury of three counts of distribution and possession with intent to distribute a controlled substance. He was sentenced on March 16, 2005, to 78 months' imprisonment on each count, to be served concurrently, with credit for time served.

Zhu appealed to the U.S. Court of Appeals for the Ninth Circuit on March 28, 2005. His convictions were affirmed and Zhu's motion for rehearing was denied by that court on November 30, 2006. During all these proceedings, Zhu was represented by attorney F. Matthew Smith, who has been a member of this court's bar since 1993 and a member of the court's CJA Panel since June, 2001.

On February 23, 2007, the court received a handwritten letter from Zhu, dated February 12th. (The letter was in English, although Zhu can neither write, read, nor speak English.) In this letter, Zhu asked the court to appoint counsel so he could pursue a writ of certiorari to the U.S. Supreme Court and/or a 28 U.S.C. § 2255 petition.

The court responded by letter dated February 27, 2007, advising Zhu that his original court-appointed counsel remained his counsel of record unless and until counsel asked to be relieved. The court advised him to contact his attorney directly. A copy of the court's letter was sent to Zhu's counsel and the Office of the U.S. Attorney.

Several months later, on September 11, 2007, the court received a letter from Mr. Smith, with a copy of a letter from Zhu to counsel, dated August 13, 2007. In Zhu's letter to counsel, he stated, "I think the appeal Court's ruling on my case is unfair. I decide to appeal to (2255) (*sic*) Court. Please help me again." This letter was apparently translated locally, as the original is in Chinese. Counsel advised the court that he had not acted on Zhu's behalf since the denial of the petition for rehearing in November, 2006, and asked for "the appointment of counsel for Mr. Zhu to handle a 2255 motion should it be appropriate under the rules." Copies of the letters were sent to all relevant parties.

On that same day, the court replied to Mr. Smith, noting that appointment of § 2255 counsel was permissive, not mandatory, and that the court had nothing before it to rule upon, nor any indication of what ground under § 2255 that Zhu believed relief might be based upon and, thus, some indication of why appointment of counsel might be warranted. The court's letter asked Mr. Smith to "please inform Mr. Zhu that he is not entitled to appointment of counsel and would need to file a petition conforming to the requirements of 28 U.S.C. § 2255 before the court would consider any aspect of the matter. Such petitions may be filed without the aid of counsel." A copy of the letter was sent to the Office of the U.S. Attorney.

On November 19, 2007, the court received by hand-delivery a translated letter from Zhu. Zhu's letter was dated October 24, 2007. In relevant part, it stated exactly

as follows: "I believe there are lots of doubtful points in my case, and I ask your Honorable Judge to appoint attorney and translator to explain to the 2255 Court (since I have no income Sources and don't understand English."

The next day, November 20, 2007, the court responded to Zhu and reminded him of the court's February 27, 2007, letter, in which it instructed him to contact his original counsel. A copy of Zhu's letter and the court's reply was sent to counsel and the U.S. Attorney's Office.

On November 21, 2007, the court received another letter from Zhu, sent directly from prison, and written in English. In this letter, Zhu acknowledges that he could file the § 2255 petition by himself but asks that the court "appoint" his original court-appointed counsel because "he would be the best choice since he knew my case!"

On November 23, 2007, the court sent a joint letter to Zhu and his Mr. Smith. The court noted that Zhu had still never made reference to any possible grounds for § 2255 relief, but decided that, "in the interests of preserving any claim for relief that Mr. Zhu might have under 28 U.S.C. § 2255, the court will appoint Mr. Smith as attorney to pursue such a petition." A copy of Zhu's letter and the court's reply was sent to counsel and the U.S. Attorney's Office.

On January 18, 2008, Mr. Smith contacted the court by mail and indicated that he had spoken with Zhu on several occasions and also with the U.S. Attorney's

Office in an attempt to see if Zhu's sentence could be reduced, and had concluded that there were no grounds for § 2255 relief. In his letter, Mr. Smith stated, "In my opinion, the only option remaining would be a 2255 motion claiming insufficient assistance of counsel---and although I believe he had sufficient counsel---I am not the proper attorney to advise him on that matter since I was his court-appointed counsel at trial and on appeal." Mr. Smith also calculated what he believed to be the final day by which Zhu could file a § 2255 motion.

A new attorney, Mr. Timothy H. Bellas, was appointed by the court that same day, January 18, 2008, and subsequently filed the instant motion on February 29, 2009.

The only relevant portions of Zhu's petition are found in paragraphs 16 through 19, where Zhu, for the first time (and through his attorney and not under oath) claims that he "observed the prosecutor signaling to Ms. Jiang by the use of hand gestures while she was being cross-examined by his counsel, Mr. F. Matthew Smith." Zhu's petition continues that he, "through the interpreter appointed to translate for him, along with two other persons seated in the gallery, who he claims also observed the alleged signaling by the prosecutor, brought this fact to the attention of Mr. Smith during a recess in the trial." Zhu complains that Smith failed to make a factual record or bring the matter to the court's attention, amounting to ineffective assistance of counsel. Mr. Bellas contacted Mr. Smith, who confirmed

only "that the Petitioner did raise the issue with him during trial and that he did not make any record or notify the Court about the alleged incident."

Zhu's motion could be denied at this juncture because he has failed to show that he is entitled to any relief under § 2255. Zhu fails to provide any statement under oath, fails to identify the precise nature of the alleged hand-signals "coaching" by the prosecutor, fails to explain how the hand-signaling would have worked between an English-speaking prosecutor and a witness who required a Chinese translator, fails to describe the nature of the testimony during which the signaling allegedly occurred, fails to supply any supporting statement by the person who was acting as his interpreter to corroborate what he told his interpreter and what the interpreter personally observed to support Zhu's claims, fails to identify and provide statements from the two other people in the gallery who allegedly saw the hand signals, and fails to elicit from his original counsel anything more than a statement that, yes, Zhu expressed his concern to counsel. Lacking any sort of context or supporting evidence, the court could refuse to grant the extraordinary relief available under 28 U.S.C. § 2255. However, and in recognition that Zhu's pursuit of this new claim has been somewhat leisurely, resulting in some temporal prejudice to his newly-appointed counsel, the court *sua sponte* grants Zhu an additional thirty days to supplement his claims with statements under oath. Any statement from attorney Smith does not need to be under oath, as he is an officer of the court.

The United States Attorney's Office does not need to file a reply unless and until directed to do so by the court in a written order.

IT IS SO ORDERED.

DATED this 3rd day of March, 2008.

_____
ALEX R. MUNSON
Judge